```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HENRY BEHR,

                    Petitioner,
                                         MEMORANDUM & ORDER
          -against-                      13-CV-3969(JS)

MICHAEL J. SPOSATO, SHERIFF OF
NASSAU COUNTY,

                    Respondent.
----------------------------------X
APPEARANCES
For Plaintiff:      Henry Behr, pro se
                    13003197
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11501

For Defendants:     No Appearance
```

SEYBERT, District Judge:

On August 10, 2013, pro se petitioner Henry Behr ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his on-going criminal actions pending in the Nassau County District Court. Petitioner has also submitted an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that the Petitioner's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Petitioner's request to proceed in forma pauperis is GRANTED for the limited purpose of this Order. However, because Petitioner is a pre-trial detainee, the Petition is sua sponte DISMISSED without prejudice as it is premature.

Petitioner was arrested and arraigned on April 30, 2013 and was charged with a Class D felony of Sexual Abuse and a Class A misdemeanor of Sexual Contact. (Pet. ¶ 3.)[1] Petitioner has not yet been tried on these charges. In fact, the gravamen of Petitioner's claim is that his right to a speedy trial has been violated because his Legal Aid attorney "tricked" him into waiving his felony exam and right to a speedy trial. (Id. ¶¶ 8-9.)

According to the case information maintained by the New York State Unified Court System and as Petitioner contends, Petitioner has not yet been tried, convicted, or sentenced.[2] Accordingly, for the reasons that follow, the Petition is DISMISSED without prejudice as premature.

DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" Henry v. Davis, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) (A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

---

[1] See N.Y.S. Unified Court System, WebCrims, Case Details-Charges, available at http://iapps.courts.state.ny.us/webcrim (last visited July 17, 2013).

[2] See N.Y.S. Unified Court System, WebCrims, Case Details-Appearances, available at http://iapps.courts.state.ny.us/webcrim (last visited July 17, 2013).

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" Id. (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1) (B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. Id. (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, because Petitioner has not yet been tried, convicted, or sentenced, he is not in custody pursuant to the judgment of a state court. Moreover, Petitioner does not allege to have appealed his constitutional claim to the highest state court having jurisdiction. Given that Petitioner has not yet exhausted his state court remedies nor has he been convicted or sentenced, each of which are necessary prior to the filing of a petition under § 2254, the Court lacks jurisdiction over the Petition. See 28 U.S.C. § 2254; Daye, 696 F.2d at 190-92 (a § 2254 petition is premature where petitioner has not yet been convicted and has not exhausted state court remedies); see also Lynch v. DeMarco, No. 11-CV-4708(JS), 2011 WL 6097737, at *2 (E.D.N.Y. Dec. 1, 2011) (sua sponte dismissing unexhausted § 2254 petition)

3

(citations omitted). Thus, the Petition for a writ of habeas corpus is DISMISSED without prejudice as it is premature and unexhausted. See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254 (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge must dismiss the petition).

CONCLUSION

For the reasons set forth above, the Petition for a writ of habeas corpus is DISMISSED without prejudice as it is both premature and unexhausted. A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to CLOSE the case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   6  , 2013
       Central Islip, New York